PEOPLE *v.* MILLER

CRIMINAL LAW—MISTRIAL—PROSECUTOR'S REMARKS—CURATIVE IN-
STRUCTION TO JURY.

Refusal to declare a mistrial because the prosecutor, in his open-
ing statement, mentioned that a gun was found in a parking
lot, the scene of the robbery charged, 13 hours after the rob-
bery in which defendant allegedly participated had occurred,
was not error even though the gun was later held inadmissible
where the court  instructed the jury to disregard the remark
and where the prosecutor at the time he made the remark
had no reason to believe or to know that the gun would not
be admissible.

Appeal from Genesee, Donald R. Freeman, J.
Submitted Division 2 February 2, 1971, at Lansing.
(Docket No. 8350.)   Decided February 23, 1971.

Eddie Miller was convicted of armed robbery.
Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Robert F. Leonard,*
Prosecuting Attorney, and *Donald A. Kuebler,* As-
sistant Prosecuting Attorney, for the people.

*James R. Buckley,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES

42 Am Jur, Prosecuting Attorneys § 20.
53 Am Jur, Trial § 996.

Before: Quinn, P. J., and McGregor and O'Hara,* JJ.

Per Curiam. Defendant was apprehended during a robbery. At his trial on a charge of robbery armed,[1] the prosecuting attorney, in his opening statement to the jury, stated, "That afternoon, about one o'clock in the afternoon, the manager of the Big-D Party Store found a gun out in his parking lot". (The robbery occurred in that parking lot about 13 hours earlier.) Defendant objected immediately, the jury was excused and defendant moved for a mistrial. After argument, not in the presence of the jury, the trial judge ruled that the gun was inadmissible, denied the motion for mistrial, and when the jury returned, they were instructed to disregard the statement of the prosecuting attorney. There was no further reference to this gun during the trial.

The jury found defendant guilty; he was sentenced; his motion for a new trial was denied; and he appeals. The only issue raised on appeal is that the above-quoted remark of the prosecuting attorney so prejudiced defendant's trial that he was denied a fair trial; hence, denial of the motions for mistrial and new trial was an abuse of discretion.

The record does not support defendant's position. The quoted statement is the only reference to this gun in the jury's presence. There is no indication that the prosecuting attorney knew, or had reason to believe, that the gun would not be admitted in evidence when the statement was made. The argument concerning its admissibility and the

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797).

judge's ruling thereon were in the absence of the jury. The gun was never offered in evidence in the jury's presence. If there was error, which is doubtful (see *People* v. *Williams* [1968], 11 Mich App 62), it was cured by the instruction.

Affirmed.